IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| CHARYS HOLDING COMPANY, INC., | : Jointly Administered |
| and CROCHET & BOREL SERVICES, | : |
| INC., | : Case No. 08-10289-BLS |
| | : |
| Debtors. | : |
| | : |
| CHARYS HOLDING COMPANY, INC., | : |
| a Delaware corporation, | : |
| | : Adv. Pro. No. 08-51414-BLS |
| Plaintiff, | : |
| | : |
| v. | : Misc. Act. No. 08-214-JJF |
| | : |
| BENJAMIN F. HOLCOMB, III, | : |
| | : |
| Defendant. | : |

## MEMORANDUM ORDER

Pending before the Court is a Motion For Leave To Appeal

(D.I. 1) filed by Defendant, Benjamin F. Holcomb, III.  By his

Motion, Mr. Holcomb seeks leave to appeal the November 14, 2008

Order of the United States Bankruptcy Court for the District of

Delaware granting a temporary restraining order and preliminary

injunction in favor of Plaintiff, Charys Holding Company, Inc.

("Charys Holding"), and against Mr. Holcomb.

Charys Holding has objected to Mr. Holcomb's Motion

contending that Mr. Holcomb did not timely file a Notice of

Appeal, but instead merely attached the Notice of Appeal as an

exhibit to his Motion.  (D.I. 2.)  Charys Holding contends that

by attaching the Notice of Appeal as an exhibit, Mr. Holcomb

evaded payment of the filing fee.  According to Charys Holding,

the filing of and payment for a Notice of Appeal at this time would be time-barred, and therefore, Charys Holding contends that leave to appeal should be denied.

Alternatively, Charys Holding contends that if Mr. Holcomb's appeal is timely, one of the ten issues presented on appeal should not be permitted to go forward. Particularly, this issue concerns whether the Bankruptcy Court properly refused to transfer the Adversary Proceeding to the Northern District of Georgia. Charys Holding contends, among other things, that a decision not to transfer is not automatically appealable under 28 U.S.C. § 1292(a) and does not meet the criteria for interlocutory appeal under 28 U.S.C. § 1292(b).

In response to the Objection of Charys Holding, Mr. Holcomb does not dispute Charys Holding's argument that the Bankruptcy Court's transfer decision should not be appealable. However, Mr. Holcomb does dispute the argument that he did not timely file his Notice of Appeal. According to counsel for Mr. Holcomb, the Notice of Appeal and Motion For Leave to Appeal were transmitted to local counsel with the intent that these documents be filed separately. (D.I. 5, Exh. A.) Local counsel then electronically filed and served these documents with the Court in a single transmission rather than in separate transmissions. (D.I. 59 in Adv. Pro. No. 08-51414.) Counsel for Mr. Holcomb has further submitted an e-mail from his local counsel to him, indicating

that local counsel had called the Clerk of Court to verify that the Motion For Leave To Appeal was correctly filed. (D.I. 5, Exh. B.) According to this e-mail, the Clerk of Court had indicated that it was properly filed. The e-mail further remarks that the Clerk of Court remarked that it was "odd" that counsel was not prompted to pay the initial $5.00 fee for the Notice of Appeal.[1] Although the filing fee was not paid, Mr. Holcomb contends that both his Motion and his Notice of Appeal were filed within ten days of the Bankruptcy Court's entry of the Order being appealed as required by Fed. R. Bankr. P. 8002(a).

In pertinent part, Fed. R. Bankr. P. 8001(a) provides:

An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal. The notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee.

---

[1]     An attachment to the e-mail at Exh. B is the fee chart for Bankruptcy Court filings. This chart indicates that the full filing fee for an appeal is $255, but that when a Motion For Leave To Appeal is filed only $5 is charged initially with the remainder to be paid only if the motion is granted.

Pursuant to Rule 8002(a), a notice of appeal must be filed within ten (10) days from the date of the entry of the judgment or order being appealed. This time provision is strictly construed and is jurisdictional. Shareholders v. Sound Radio, Inc., 109 F.3d 873, 879 (3rd Cir. 1997). However, the failure to timely pay the filing fee for such an appeal is not considered a jurisdictional prerequisite and does not require the automatic dismissal of the underlying appeal. See, e.g., Parissi v. Telechron, Inc., 349 U.S. 46 (1955); In re Winner Corp., 632 F.2d 658, 660 (6th Cir. 1980); Lowe's of Virginia, Inc. v. Thomas, 60 B.R. 418, 420 (W.D. Va. 1986); Byrd v. Branigan, 2006 WL 4458702, *4 (Bankr. D. Md. Nov. 29, 2006) (recognizing long line of cases, including Winner, that have held that filing fee payment is not jurisdictional). Rather, the Court may take "appropriate" action for the failure to comply with such procedural requirements, which may include, in certain circumstances, the dismissal of the appeal. Fed. R. Bankr. P. 8001(a). Dismissal is a harsh sanction which should not be imposed lightly. See, e.g., Moxley v. Corner (In re Corner), 716 F.2d 168, 177 (3d Cir. 1983) ("Not every failure to follow procedural rules mandates the dismissal of the appeal.") To this end, courts consider such factors as bad faith and prejudice to the opposing party. See, e.g., In re SB Properties, Inc., 185 B.R. 198, 202 (E.D. Pa. 1995).

Based on the submissions of Mr. Holcomb's counsel, including particularly the e-mail transmissions between himself and local counsel, the Court is persuaded that Mr. Holcomb intended to file a separate Notice of Appeal, and that local counsel's decision to utilize a single electronic transmission was not an attempt to evade the filing fee, but a procedural mistake that does not render the Notice of Appeal improperly filed. Collier on Bankruptcy § 8001.03[2] ("While Rule 8001(a) makes filing with the clerk the only proper procedure, undoubtedly a reviewing court has the power to ignore the failure to comply with the precise form of the notice as long as some writing indicating the intention to initiate an appeal arrives in the clerk's office within the time allowed under Rule 8002."). Here, the Notice of Appeal, through electronic transmission, arrived timely in the Clerk's Office.[2]  Although the Notice of Appeal appears as an attachment to the Motion For Leave To Appeal on the Bankruptcy Court docket, it is not designated as an exhibit to the Motion, which already contained a clearly marked Exhibit "A," and the

---

[2]     In a sense, the Court finds this scenario to be essentially no different from the "old-fashioned" mailing of two or more documents in the same envelope. Separate mailings have never been required to create separate docket entries for documents, and the Court cannot conclude, in the circumstances of this case, that the single electronic submission is any different. Of course, the Court's observation in this case is limited to the facts here which demonstrate no intent to evade the filing fee and no bad faith or prejudice to the opposing party.

Notice of Appeal is a separately executed document.  Further,
counsel's e-mail to his local counsel clearly indicates his
intent that the Notice of Appeal be filed as a separate document
with the filing fee for the Notice of Appeal to be paid in full.
(D.I. 5, Exh. A.)  Thus, while a separate docket entry was not
created on the Bankruptcy Court docket for the Notice of Appeal,
the Court will not, in these circumstances, consider the Notice
of Appeal to be invalidly filed.

     As for Mr. Holcomb's failure to pay the required filing fee,
the Court finds no evidence of bad faith such that this failure
should result in the dismissal of the appeal.  Counsel for Mr.
Holcomb indicated his intent to pay the filing fee at the time of
filing, but local counsel indicated that she was not
electronically prompted to do so.  (Id. at Exh. A, B.)  Local
counsel also contacted the Clerk by phone to discuss this
"missing" prompt, and the Clerk commented that it was "odd" that
the initial $5 fee was not asked for.  However, the Clerk assured
local counsel that her papers were properly filed and that the
full fee would only be due if and when the Court granted the
Motion For Leave To Appeal.[3]  (Id. at Exh. B.)

_____

     [3]     The Court acknowledges that some courts have dismissed
actions where the fee remains unpaid or where the appellant has
neglected to pay, after some time, the initial $5 filing fee.
See, e.g., Byrd, 2006 WL 4458702 at *4 (dismissing appeal where
counsel amended a prior notice of appeal to include a newly
entered order instead of filing a separate document and the
filing fee was never paid for the new appeal); In re Boss Mgmt.

6

The Court further notes that notice of all filings, including the Notice of Appeal, was sent to all parties electronically and by mail as indicated in the Certificate of Service accompanying the Motion For Leave To Appeal. In these circumstances, the Court cannot conclude that Charys Holding would be prejudiced by allowing this appeal to go forward. Accordingly, the Court concludes that the Notice of Appeal was timely filed and that the failure to pay the filing fee does not warrant the dismissal of this appeal at this time.

As for the substance of the appeal, Charys Holding does not object to the application of 28 U.S.C. § 1292 to determine if this interlocutory appeal is warranted. In this regard, Charys Holding further acknowledges that Mr. Holcomb may properly appeal the issues identified in Numbers 1-9 of his "Statement of the questions to be presented on appeal and the relief sought." 28 U.S.C. § 1292(a) (allowing appeal from decision granting injunctive relief, even though that decision is interlocutory).

---

Group, Inc., 2007 WL 1959172, * 3 (W.D. Va. July 3, 2007) (dismissing appeal where nominal $5 fee was never paid despite receiving notice by the clerk's office that the fee was due). The Court does not find this case to come within the purview of those cases. Counsel has represented to the Court that numerous attempts were made to pay the full and/or initial fee in the Bankruptcy Court but that counsel was instructed that the fee was either not due or would not be accepted by the system at this time. (D.I. 5 at 4.) Accordingly, the Court does not find this case to be analogous to those cases in which a party has been notified by the Clerk's Office that a fee is due and has continually failed to pay it.

However, Charys Holding objects to the issue designated as Number 10, which deals with the Bankruptcy Court's decision not to change or transfer venue of the underlying adversary proceeding. Mr. Holcomb has not, in his Reply Brief, disputed Charys Holding's argument that this is not a proper subject for an appeal, and independently assessing this issue, the Court concludes that an appeal of this issue is not proper at this time. First, the record from the Bankruptcy Court's September 24, 2008 hearing reflects that the Bankruptcy Judge did not definitively rule on the transfer question but only denied the oral motion to transfer venue without prejudice and with leave to renew. This ruling is also reflected in the Order granting the temporary restraining order, which states that "[t]he Court reserves jurisdiction . . . without prejudice to [Mr. Holcomb's] right to move for transfer or change of venue." It appears from the docket that Mr. Holcomb did not renew his request, and therefore, an appeal of this issue is waived. See, e.g., Fleck v. KDI Sylvan Pools, Inc., 981 F.2d 107, 116 (3d Cir. 1992) ("It is axiomatic that a party who fails to object to errors or to raise issues at trial waives the right to complain on appeal."). Alternatively, the Court concludes that a decision not to transfer venue is not appealable under either the collateral order doctrine or the standards set forth in 28 U.S.C. 1292(b). See, e.g., Nascone v. Spudnuts, Inc., 735 F.2d 763, 772-773 (3d

Cir. 1984); <u>In re Del. & Hudson Ry. Co.</u>, 96 B.R. 469, 472 (D. Del. 1989).

NOW THEREFORE, IT IS HEREBY ORDERED that Mr. Holcomb's Motion For Leave To Appeal is **GRANTED** as it applies to Issues Nos. 1-9 identified in the "Statement of the questions to be presented on appeal and the relief sought", and **DENIED** as it applies to Issue No. 10, concerning the Bankruptcy Court's denial of a transfer or change of venue.

May 28 2009
DATE

UNITED STATES DISTRICT JUDGE

9